UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ROBERT CHRISTOPHER JIMENEZ,  No. C 09-5398 SI (pr)

    Plaintiff,  **ORDER OF DISMISSAL WITH LEAVE TO AMEND**

    v.

R. HOREL, warden,

    Defendant.
                                     /

## INTRODUCTION

Robert Christopher Jimenez, an inmate at Pelican Bay State Prison, filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins,

487 U.S. 42, 48 (1988).

The complaint indicates that Jimenez has been put in the secured housing unit ("SHU") after being validated as a prison gang affiliate. Although the subject matter is readily apparent, the allegations are too unclear for the court to understand the particular claim(s) Jimenez is trying to assert and against whom he is trying to assert those claims.

When prison officials initially determine whether a prisoner is to be segregated for administrative reasons and a liberty interest of real substance is implicated, due process requires that they hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons segregation is being considered, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986), cert. denied, 481 U.S. 1069 (1987). Due process also requires that there be an evidentiary basis for the prison officials' decision to place an inmate in segregation for administrative reasons. Superintendent v. Hill, 472 U.S. 445, 455 (1985); Toussaint, 801 F.2d at 1104-05. Prison officials must also engage in some sort of periodic review of an inmate's confinement in ad-seg, Hewitt v. Helms, 459 U.S. 460, 477 n.9 (1983); Toussaint, 801 F.2d at 1101, which must amount to more than "meaningless gestures." Toussaint v. Rowland, 711 F. Supp. 536, 540 n.11 (N.D. Cal. 1989).

The complaint does not state a claim upon which relief may be granted. The complaint is unclear as to the particular deficiencies in the decision-making process in his case – e.g., if his problem is about the notice, the hearing, the decision-maker, the timing of the hearing, the sufficiency of the evidence, the reliability of the evidence, or some combination of these protections. If Jimenez wants to try to allege a § 1983 claim for a due process violation that occurred in the gang validation decision-making process that led to his placement in the security housing unit ("SHU") or some periodic review of his placement, he must identify the particular shortcomings in the proceedings against him and must link defendants as described in the next two paragraphs.

The complaint does not state a claim for relief against the only defendant, i.e., warden Horel, because there are no allegations that he played any role in the decision-making process

2

or caused any constitutional violation. There is no respondeat superior liability under Section 1983, i.e. no liability under the theory that one is responsible for the actions or omissions of an employee. Liability under Section 1983 arises only upon a showing of personal participation by the defendant. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). If defendant Horel is included as a defendant only because he is in charge of the prison at which Jimenez is currently housed, that would be an attempt to impose the impermissible respondeat superior liability.

In the amended complaint, Jimenez must identify (in each claim) each and every defendant who Jimenez proposes to hold liable on that claim. He must be careful to allege facts showing the basis for liability for each individual defendant. He should not refer to them as a group (e.g. "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right). Jimenez must identify the prison at which each defendant was employed, and the prison(s) at which the alleged due process violations took place.

After he filed this action, Jimenez filed a motion to present evidence in which he asked that the court include in his case file the inmate appeal. The motion to present evidence is GRANTED. (Docket # 6.) The inmate appeal attached to the motion is now in the case file.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend. The amended complaint must be filed no later than **March 26, 2010**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims and will supersede existing pleadings. See London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981) ("a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint.") Failure to file the amended complaint by the deadline

3

will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: February 11, 2010

_____
SUSAN ILLSTON
United States District Judge